# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF GEORGIA SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR410-099 |
| | ) | |
| WAYNE MUNGIN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On September 17, 2018, the Court ordered a forensic psychological examination of defendant Wayne Mungin after finding reasonable cause to believe that he is presently suffering from a mental disease or defect rendering him mentally incompetent to stand trial. Doc. 110. After evaluating Mungin at the Federal Detention Center in Los Angeles, California, his examiners concluded that "[a]lthough Mungin has the intellectual capacity to understand the nature and consequences of the proceedings against him, his current symptoms of a mental illness are so prominent that they will likely significantly interfere with his ability to properly assist counsel in his defense." Doc. 120 at 15. The examining psychologist recommended that Mungin be committed for further evaluation and treatment "for restoration to competency." *Id.* at 16. On

February 7, 2019, the Court held a hearing to determine whether Mungin was competent to proceed with the revocation proceedings.

The examining psychologist's report indicates that Mungin "often communicated in a tangential and nonsensical manner during lengthy discussions, and promptly reverted to topics indicative of delusions." Doc. 120 at 15. At the hearing, defense counsel and counsel for the Government agreed that Mungin would likely be unable to assist in his defense due to the depth of his delusions. *See, e.g., United States v. David*, 511 F.2d 355, 360 (D.C. Cir. 1975) (noting "that in making a competency determination it may be very useful . . . to question both the defendant and his counsel"). The examining psychologist also testified in support of her report and further indicated that defendant had been seen speaking and gesticulating to himself while under supervision. Defendant, however, made a statement at the hearing arguing for his competency and asking the Court to allow the case to proceed.[1]

---

[1] Mungin stated that he understood why he was in court, and there is little question that he has the capacity to understand the general nature of the proceedings against him. However, the psychologist and counsel in this case believe that the depth of Mungin's delusions make it impossible to assist in his defense. The Court agrees. While the Court is sympathetic to Mungin's beliefs, that is not enough in light of the fact that his "nonsensical" conversation habits and delusions will cause significant detriment to his ability to assist his attorney.

Given the evidence presented at the hearing, the agreement of counsel for defendant and the Government, and the examining psychologist's recommendation, the Court finds by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense and competency restoration procedures are, therefore, appropriate.  It is **RECOMMENDED** that the defendant be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the revocation proceedings to proceed.  18 U.S.C. 4241(d)(1); *see United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should

3

be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED** this <u>8th</u> day of February, 2019.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA