UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | CR410-099 |
| | ) | |
| | ) | |
| WAYNE MUNGIN, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Wayne Mungin was permitted to plead not guilty by reason of insanity to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* doc. 1 (Indictment); doc. 45 (Sealed Order). Mungin was conditionally released pursuant to 18 U.S.C. § 4243(f)(2); however, he was arrested and brought before the undersigned for alleged violations of the conditions imposed. *See* doc. 143 (Sealed Order). At the hearing, Mungin's counsel orally moved for a determination, pursuant to 18 U.S.C. § 4241, of whether Mungin is able to understand the nature and consequences of the proceedings against him and assist properly in his defense. *See* doc. 150. The Court granted

the motion and ordered that he be placed in a suitable facility for a mental competency evaluation. Doc. 151 at 2.

After evaluating Mungin at the Federal Medical Center in Lexington, KY, his examiners found that he "is expected to have considerable difficulty rationally understanding the proceedings against him and participating realistically in his defense." Doc. 158 at 10. *Id.* The parties "agree with all the findings" in the report, and jointly move for "[Mungin] to receive impatient competency restoration services; to have the [his] competency reevaluated; and to have [him] evaluated . . . on whether the [his] possible release would create a 'substantial risk of bodily injury to another person or serious damage to property of another[.]'" Doc. 161 at 5.

Given the agreement of counsel and the Government, and the examiners' findings, the Court should find that the evidence preponderates that Mungin is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and competency restoration procedures are, therefore, appropriate. 18 U.S.C. § 4241(d).

It is **RECOMMENDED** that the parties' joint motion be **GRANTED**, doc. 161, and that Mungin be committed to the custody of the Attorney General, who should be **DIRECTED** to hospitalize him for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.  18 U.S.C. 4241(d)(1); *see United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 26th day of May, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA