UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR410-099 |
| | ) | |
| WAYNE MUNGIN, | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Wayne Mungin was permitted to plead not guilty by reason of insanity to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* doc. 1 (Indictment); doc. 45 (Sealed Order). Mungin was conditionally released pursuant to 18 U.S.C. § 4243(f)(2); however, he was arrested and brought before the undersigned for alleged violations of the conditions imposed. *See* doc. 143 (Sealed Order). At the hearing, Mungin's counsel orally moved for a determination, pursuant to 18 U.S.C. § 4241, of whether Mungin is able to understand the nature and consequences of the proceedings against him and assist properly in his defense. *See* doc. 150. After his evaluation, the Court found Mungin was mentally incompetent and committed him

to the custody of the Attorney General to evaluate whether Mungin could be restored to competency. Doc. 170.

On June 6, 2023, the Court received a report from the warden of the facility where Mungin is detained. *See* doc. 181. The report is sealed, so the Court will not discuss its contents, except to note his examiners' conclusion that "defendant is not presently competent to proceed, but that his mental condition may improve with additional time for treatment." Doc. 181 at 1. The warden of the facility, therefore, requests that the Court order an additional period of hospitalization, pursuant to 18 U.S.C. § 4241(d), to pursue restoration of Mungin's competency. *Id.* The parties have stipulated to the report's findings that Mungin is not currently competent to proceed, "but may be restored to competency in a reasonable amount of time following additional treatment and evaluation." Doc. 184 at 1.

Section 4241(d) provides that, after a defendant has been determined incompetent, "the court shall commit the defendant to the custody of the Attorney General[, and t]he Attorney General shall hospitalize the defendant for treatment in a suitable facility," for no more than four months to determine whether competency may be restored, and

"for an additional reasonable period of time until . . . his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time [defendant] will attain the capacity to permit the proceedings to go forward . . . ." 18 U.S.C. § 4241(d)(2)(A).  Based on the examining physician's findings, to which the parties have stipulated, the Court should find that there is a substantial probability that, with additional treatment, Mungin will attain the capacity to permit the proceedings to go forward.

While the period for competency restoration is flexible, "[a] federal court which has committed a person as mentally incompetent has a duty to inquire from time to time into the mental status of such person." *United States v. Farmer*, 110 F. Supp. 3d 1355, 1357 (S.D. Ga. 2015) (quoting *Begay v. United States*, 2015 WL 1540982, at *3 (D. Colo. Apr. 1, 2015)) (internal quotation marks omitted).  Mungin's examiners do not propose any period for restoration or submission of reports to the Court. *See generally* doc. 181.  The Court should, therefore, require that his treating physicians submit reports to the Court every six months. *Cf.* 18 U.S.C. § 4247(e)(1)(A).

In summary, the Court should find that Mungin "is presently suffering from a mental disease or defect rending him mentally incompetent," 18 U.S.C. § 4241(d), and "that there is a substantial probability that within [an] additional period of time he will attain the capacity to permit the proceedings to go forward," 18 U.S.C. § 4241(d)(2)(A). Accordingly, the Court should commit him to the custody of the Attorney General until "his mental condition is so improved that trial may proceed." *Id.* The director of the facility should be directed to notify this Court when Defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense by filing a certificate with the Clerk of this Court. 18 U.S.C. § 4241(e). If his competency has not been restored within six months from the date of this Order, the director of the facility should be directed to submit semi-annual reports until further Ordered by the Court. 18 U.S.C. § 4247(e)(1)(A).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all

parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 22nd day of June, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA