UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CR410-099 |
| | ) | |
| WAYNE MUNGIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Wayne Mungin was permitted to plead not guilty by reason of insanity to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See* doc. 1 (Indictment); doc. 45 (Sealed Order). Mungin was conditionally released pursuant to 18 U.S.C. § 4243(f)(2); however, he was arrested and brought before the undersigned for alleged violations of the conditions imposed. *See* doc. 143 (Sealed Order); doc. 149 (Minute Entry). At the hearing, Mungin's counsel orally moved for a determination, pursuant to 18 U.S.C. § 4241, of whether Mungin is able to understand the nature and consequences of the proceedings against him and assist properly in his defense. *See* doc. 150. After his evaluation, the Court found Mungin was mentally incompetent and committed him to the custody of the Attorney General

to evaluate whether Mungin could be restored to competency. Doc. 170. He was not restored and the Court ordered further attempts to restore his competency. *See* doc. 187. His treating physicians filed a further report, doc. 188, which has not been addressed.

Currently before the Court is the Government's request that the currently assigned Assistant United States Attorney and defense counsel be permitted to access all of the prior filings related to Defendant's mental condition. *See* doc. 192 at 1. The District Judge previously denied former defense counsel's request to unseal several psychiatric reports but permitted them to be shown to one of Defendant's examining physicians. *See* doc. 179 at 2. Similar relief is appropriate here. The Government's Motion is **GRANTED**, in part. Doc. 192. The Clerk is **DIRECTED** to make the following documents available to Defendant's counsel, Mr. Ryan D. Langlois, and Assistant United States Attorney Bradley Robert Thompson pursuant to his standard procedures: Documents 44, 86, 120, 133, and 158. Those documents, however, remain **SEALED**, and subject to any existing restrictions, until further Order from the Court.

The undersigned is not authorized to release the Presentence Investigation Report as requested in the Government's Motion. *See* doc.

192 at 1. However, for the reasons explained above, the undersigned recommends that the District Judge **GRANT**, **in part**, the Government's request to release the Presentence Investigative Report prepared in 2011 to Mr. Langlois and Assistant United States Attorney Thompson. Doc. 192. As the District Judge previously instructed when he directed release of the Report to Mr. Langlois to provide to the Defendant's examining physicians, *see generally* doc. 179, the Clerk should be **DIRECTED** to deliver the Report to Mr. Langlois and Assistant United States Attorney Thompson by mailing it to their respective addresses identified on the docket. The Court should **DIRECT** the recipients that the Report may not be copied and may not be shared with anyone other than the attorneys and necessary support staff. The Government's Motion indicates that it "is considering filing a motion pursuant to 18 U.S.C. § 4246," and seeks the Report, in addition to the documents addressed above, "to determine whether such an application is appropriate and to prepare for any subsequent hearing." Doc. 192 at 1-2. If such a motion is filed, the recipients should be **DIRECTED** to return the Report to the Clerk of Court and file a certificate of service indicating that they have returned the Report and it has not been copied within thirty days of the

final disposition of that Motion. If no motion is filed, the recipients should be **DIRECTED** to return the Report to the Clerk of Court and file a certificate of service indicating that they have returned the Report and it has not been copied no later than ninety days from the date of the District Judge's Order on this Report and Recommendation.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED**, this 20th day of February, 2024.

                                                                               _____
                                                                               CHRISTOPHER L. RAY
                                                                               UNITED STATES MAGISTRATE JUDGE
                                                                               SOUTHERN DISTRICT OF GEORGIA